261 A.2d 19.

FRANK GALLO *d.b.a.* GALLO CONSTRUCTION CO. *vs.*
NATIONAL NURSING HOMES, INC. AND
KENT NURSING HOME, INC.

JANUARY 23, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a civil action wherein the plaintiff, a builder, seeks to recover damages allegedly owed him by the defendants. Hereafter, we shall refer to one defendant as "National" and the other as "Kent." The case is before us on the plaintiff's appeal from the judgment entered by a Superior Court justice granting Kent's motion for a summary judgment.

The record shows that Kent owns and operates a nursing home in Warwick. On December 15, 1967, Kent and National entered into a written contract whereby National would build an addition to the nursing home. Later, in June 1968, National and plaintiff agreed that plaintiff, as a subcontractor of National, would furnish labor and materials incidental to the erection of the addition. During the course of performing his contract, plaintiff was ordered to make certain changes in the construction of the addition whereby he incurred additional expenses not called for in the original subcontract. The plaintiff's suit against National is for money owed under the June 1968 agreement and for the extras ordered by National which were over and above the subcontract price. His suit against Kent is based on an implied contract. He alleges that Kent benefited from his efforts and therefore it was bound to pay him for the fair and reasonable value of the addition and improvements made to its property. The plaintiff concedes that he had no express contract with Kent.

The entry of a summary judgment is authorized by Rule 56(c) of the Rules of Civil Procedure of the Superior Court when "* * * the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any ma-

terial fact and that the moving party is entitled to judgment as matter of law."

In the affidavit offered by Kent in support of its motion, one of its officers averred that Kent had authorized no person at any time in its behalf to enter into any agreement with anyone but National for the construction for said addition; that no person acting on Kent's behalf did, in fact, enter into an agreement relating to the addition with anyone other than National, and that no person or organization other than National ever submitted a bill or claim to Kent until the suit was commenced.

The plaintiff in opposing Kent's motion filed an affidavit wherein he stated that plaintiff had been hired by National as a subcontractor; that he had been ordered by National to alter the construction of the addition; and that, to his information and belief, the alterations had been ordered of National by Kent. The plaintiff concluded the material portion of his affidavit by declaring that National had been "acting either as agent or contractor" of Kent when it ordered plaintiff to construct the addition. It is upon this last allegation that plaintiff's appeal to this court is grounded. The plaintiff contends that the affidavit he offered in opposition to Kent's motion placed in issue the question of whether National was acting as Kent's agent. We do not think so.

Although this court recognizes that summary judgment is an extreme remedy which should not be used as a subsitute for a trial, it also recognizes that Rule 56 is designed to decide in an expeditious fashion cases presenting groundless claims and actions in which specious denials or sham defenses have been interposed to clearly meritorious claims. 1 Kent, *Rhode Island Civil Practice,* §56.1, at 414. The summary-judgment procedure is designed "* * * to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." 6 Moore, *Federal Practice*

(2d ed.), ¶56.01(14), at 2022. Likewise, Professor Moore points out that a party opposing a motion for summary judgment is not entitled to hold back his evidence until trial nor is he entitled to a trial on the possibility that an issue of material fact might turn up at the trial. *Idem.* §56.22(2), at 2824. Because summary judgment is a drastic measure in that it may deprive a litigant of a trial, a court must be very cautious in granting a summary-judgment motion and must provide a party with full opportunity to show that there is a genuine issue of fact involved in the litigation. *Mill Factors Corp.* v. *L. S. Building Supplies, Inc.,* 103 R. I. 675, 240 A.2d 720. However, when a motion for summary judgment is made and supported as provided for under the Superior Court Rules of Civil Procedure, the adverse party as stated in Rule 56(e) *"\* \* \* may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him." (italics ours) Clearly, this section places an affirmative duty on the adverse party to set forth facts showing that there is a genuine issue of fact that will be resolved at trial. Such party must act diligently and in good faith to rebut the evidence presented in support of the motion, and he may not save his evidence until the day of trial. *Berry Brothers Buick, Inc.* v. *General Motors Corp.,* (D. C. Pa.), 257 F. Supp. 542; *Southern Rambler Sales, Inc.* v. *American Motors Corp.,* 375 F.2d 932.

It is readily apparent from an examination of plaintiff's affidavit that he has not raised any genuine issue of fact relative to the purported agency relationship existing between the two defendants. The plaintiff's bald assertion that National in its dealing with him was acting as Kent's agent does not put the plaintiff beyond the reach of a sum-

mary judgment. This statement, completely unaccompanied by a recitation of facts tending to prove the agency relationship, amounts to a mere, unsupported conclusion. Something more than conclusionary statements must be offered by the party opposing the entry of a summary judgment. Although an opposing party is not required to disclose in its affidavit all its evidence, he must demonstrate that he has evidence of a substantial nature, as distinguished from legal conclusions, to dispute the moving party on material issues of fact. *Cottrell Employees Credit Union* v. *Pavelski*, 106 R. I. 29, 255 A.2d 162.

It follows, therefore, that the trial justice was correct in granting defendant Kent's motion for summary judgment.

We would also fault the plaintiff's affidavit on another ground. He avers that on "information and belief" the changes to the proposed new addition were made at the request and order of Kent. Rule 56(e) specifically provides that supporting and opposing affidavits shall be made on the personal knowledge of the affiant. Affidavits containing statements based merely "on information and belief" shall be disregarded. 6 Moore, *Federal Practice*, ¶56.22(1), at 2806, and the cases cited therein.

The plaintiff's appeal is denied and dismissed; the judgment appealed from is affirmed, and the case is remitted to the Superior Court.

*Factor, Chernick & Hillman, William C. Hillman,* for plaintiff.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden,* for defendants.