Eleanor PRIOR et al.

v.

James POOLE.

No. 82–174–Appeal.

Supreme Court of Rhode Island.

April 28, 1983.

William M. Walsh, East Providence, for plaintiff.

Gorham & Gorham, Bradford Gorham, Providence, for defendant.

## OPINION

KELLEHER, Justice.

This is a Superior Court civil action in which the plaintiffs have appealed from the grant of the defendant's motion for summary judgment. The litigants are related to one another; they are the four children of Frederick and Margaret Poole, who, though now both deceased, were during their lifetime the owners as joint tenants of a parcel of real estate situated in the town of North Scituate on Byron Randall Road.

The gist of plaintiffs' complaint is that after their mother's death, it was agreed that defendant's name would be added to the deed so that upon the father's death the expense of probate could be avoided and the property would be sold by defendant with the proceeds to be equally divided among the children. According to plaintiffs, after the father's death they asked the brother to sell the property, but he refused. Consequently, in their complaint plaintiffs ask that their brother be deemed to be holding the title in trust for the benefit of all the litigants. They also seek a sale of the real estate and a division of the proceeds.

The complaint was filed in April 1973, and in June of that year defendant filed an answer in which he raised a variety of defenses, including laches, the failure to join indispensable parties, our statute of frauds (G.L.1956 (1969 Reenactment) § 9–1–4), and a specific denial of the existence of any trust, whether express or constructive. Thereafter, stagnation set in, and matters reached the point where one would believe that the controversy had become subject to rigor mortis. The record indicates that in the eight-and-a-half-year period following the filing of defendant's answer, the case became completely dormant. Finally, in February 1982 defendant sought dismissal of the action for lack of prosecution pursuant to the provisions of Rule 41(b)(2) of the Superior Court Rules of Civil Procedure. The plaintiffs responded with a motion to assign, and defendant countered with (1) a request that plaintiffs concede that their claim was based on an oral promise and (2) a motion for summary judgment based upon § 9–1–4's bar against enforcement of any oral express trust.

When the motion came on for hearing, defendant relied upon the statutory bar, and plaintiffs told the trial justice that when the complaint is looked at in its entirety, "What we have here is a constructive trust." The trial justice, after faulting plaintiffs for their failure to include allegations of fraud, granted the motion. We reverse.

Although summary judgment is designed to expedite the disposition of cases presenting groundless claims as well as actions in which specious denials or sham defenses have been interposed to clearly meritorious claims, it is an extreme remedy that, save in certain instances, should not be used as a

substitute for a trial. *See Gallo v. National Nursing Homes, Inc.,* 106 R.I. 485, 261 A.2d 19 (1970).

The plaintiffs' complaint clearly sets forth the existence of an agreement by the four children whereby defendant's name would be placed on the property and then, after the father's death, the real estate would be sold with an equal division of the proceeds of the sale. Their request that the brother be deemed a trustee constitutes an implicit, if not an express, representation of the trust and confidence they had placed in his willingness to fulfill his part of the probate-expense-saving enterprise.

Consequently, it is our belief that the trial justice, after being apprised of the existence of the complaint, should have denied the motion, especially since in *Cahill v. Antonelli,* 120 R.I. 879, 882–83, 390 A.2d 936, 938 (1978), we noted that we would not predicate a constructive trust on the mere refusal to execute a parol trust where there is no fraud in the inception of the transaction, but then we went on to emphasize that this principle does not apply to situations involving persons in a fiduciary relationship. Where a fiduciary relationship is in-volved, we said, a constructive trust will arise if the plaintiff establishes, first, the existence of a fiduciary relationship between the parties and, second, a breach thereof. The actual existence of any fraudulent intent, we said, need not be shown because the breach of the fiduciary relationship will itself amount to constructive fraud.

Our action in vacating the summary judgment entered in favor of the defendant is without prejudice to the defendant's seeking and having a hearing on his February 19, 1982 motion in which he sought a dismissal of this action for lack of prosecution.

The plaintiffs' appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.