JESSUP & CONROY, P.C.

v.

Mary Y. SEGUIN.

No. 2010–264–Appeal.

Supreme Court of Rhode Island.

July 5, 2012.

Mark T. Nugent, Esq., Providence, for Plaintiff.

Mary Seguin, Pro Se.

## OPINION

Justice INDEGLIA, for the Court.

Before this Court is the appeal of *pro se* defendant,[1] Mary Y. Seguin (Seguin), challenging a Superior Court grant of summary judgment in favor of the plaintiff, Jessup & Conroy, P.C. (the law firm), on Seguin's counterclaim in this collection action. This case came before the Supreme Court for oral argument on May 3, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the parties' written submissions,[2] we are satisfied that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

In late 2001, Seguin retained the law firm to represent her in two Rhode Island Family Court matters—a divorce action involving her former husband, Marc Seguin (Mr. Seguin), and a paternity action involving Seguin's former boss at a prior place of employment. The law firm entered its appearance in both cases on October 9, 2001, which cases evolved into complicated litigation given the paternity dispute surrounding the younger of Seguin's two daughters. Soon thereafter, Seguin received a large cash settlement from her former employer. Mr. Seguin successfully entreated a Family Court justice to impound the settlement as a marital asset and to place the funds in an escrow account with the children's guardian *ad litem* on November 18, 2001. Exactly one month later, Seguin and her former husband executed a property-settlement agreement in the divorce action that the law firm contends designated attorney Richard Jessup, Jr. of the law firm as an escrow agent over a portion of the settlement funds.[3] Over the next year, litigation ensued in both Family Court matters; ultimately, the law firm withdrew as counsel for Seguin in the two cases on January 6, 2003, citing to Seguin's repeated requests that the law firm file baseless motions, as well as her refusal to pay over $30,000 in legal fees for services rendered.

On July 13, 2004, Seguin and her former husband signed an addendum to their property-settlement agreement, which stipulated that any funds held in escrow were to be deposited in equal shares into irrevocable trusts established for the benefit of the minor daughter fathered by Mr.

---

1. We acknowledge the trend of referring to *pro se* litigants as "self-represented litigants." *See, e.g., In re Certification of Need for Additional Judges*, 76 So.3d 932, 933, 934 (Fla. 2011); *Carter v. Lynn Housing Authority*, 450 Mass. 626, 880 N.E.2d 778, 786 n. 17 (2008).

2. We note that the defendant, Seguin, failed to appear at oral arguments to promote her appellate contentions. Consequently, the law firm forewent oral argument and rested on its statements submitted to this Court. Although Seguin had filed an eleventh-hour motion for a continuance on May 1, 2012, which this Court denied, Seguin had previously filed a motion for a continuance on March 27, 2012,—the day before her appeal was originally scheduled for oral argument—which motion we granted.

3. In its role as an escrow agent, the law firm was authorized to pay certain fees and expenses, and at times, was court-ordered to pay such expenditures, using escrow funds. The details of these transactions need not be recounted for the purposes of this opinion.

Seguin. That August, both Seguin and Mr. Seguin requested, via correspondence to the law firm, that the law firm release all escrowed funds to them personally. However, the law firm declined to honor that request based on the addendum's provision that the escrow funds be deposited into irrevocable trusts. After a repeated request from Seguin and her former husband on January 31, 2006, coupled with the imposition of a Family Court sanction upon Seguin in the paternity action, the law firm filed a motion for instructions in the divorce action, seeking guidance from the Family Court in regard to distribution of the escrow funds at issue. On October 18, 2006, a Family Court justice ordered the law firm to provide an accounting of the funds and to deposit them into irrevocable trusts as set forth in the addendum. The law firm complied by providing an accounting of the funds on October 19, 2006, and deposited the money into two trust accounts set up with Charles Schwab & Co., Inc. on October 27, 2006.

On May 1, 2007, the law firm filed a complaint against Seguin in the Superior Court seeking to recover unpaid legal fees in the amount of $31,069.17, plus statutory interest and costs. In response, Seguin, *pro se*, filed an answer, as well as a counterclaim, setting forth fifteen counts against the law firm—specifically, Seguin alleged: (1) false advertising; (2) deceptive trade practices; (3) fraud; (4) wire fraud; (5) mail fraud; (6) RICO violations; (7) breach of fiduciary duty; (8) breach of fiduciary duty by trustee; (9) breach of trust; (10) grand theft; (11) tampering with/altering legal records; (12) legal malpractice; (13) negligence; (14) breach of contract; and (15) breach of an implied covenant of good faith and fair dealing. Discovery proceeded between the parties for over two years.

Subsequently, on March 16, 2010, the law firm filed a motion for summary judgment on Seguin's counterclaim. In support of its motion, the law firm contended that the majority of counts asserted in Seguin's counterclaim stemmed from events occurring in connection with its legal representation of Seguin, and consequently, were barred by the three-year statute of limitations for legal-malpractice claims. The law firm also argued that the remaining counts were likewise barred by the statutes of limitations applicable to claims of personal injury and civil claims based on criminal acts. Additionally, the law firm maintained that Seguin's legal-malpractice claims were not supported by expert witness testimony necessary to demonstrate the appropriate standard of care. Lastly, the law firm averred that Seguin had not articulated any sufferable damages, and further, that the Superior Court lacked jurisdiction to decide claims based on Family Court orders. Seguin timely objected, and in her objection, argued, among other things, that her claims of "fraud and conspiracy" were based on events that occurred on a continuing basis from 2003 until 2007, and thus were viable claims subject to a ten-year, as opposed to a three-year, limitations period. Along with her objection, Seguin appended a number of Family Court documents, as well as correspondence from the law firm. The record reveals that Seguin filed what could be considered a supplemental memorandum in support of her objection on May 10, 2010, in which she emphasized that her allegations were not predicated on legal malpractice, and she factually detailed such allegations.

The parties appeared before a Superior Court motion justice on May 18, 2010, for a hearing on the law firm's motion. After hearing from both parties and appropriately outlining the standard of review for a motion for summary judgment, the motion

justice concluded that Seguin had failed to meet her burden in opposing the motion under Rule 56 of the Superior Court Rules of Civil Procedure. Specifically, the motion justice observed that, although Seguin had submitted an objection, lengthy memoranda, and other papers,[4] she had failed to offer any competent evidence to show the existence of a disputed material issue of fact as to any of her claims. Rather, the motion justice deemed Seguin's submissions as merely allegations and legal argument. Accordingly, the motion justice granted the law firm's motion for summary judgment on Seguin's counterclaim and also granted partial final judgment, at the law firm's request, pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. Partial final judgment was entered on May 21, 2010.[5] Seguin timely filed a notice of appeal in the Superior Court.

On appeal, Seguin maintains that genuine issues of material fact exist that prevent the grant of summary judgment on her counterclaim. Primarily, Seguin centers this argument on the law firm's alleged role as an escrow agent after withdrawing from legal representation in 2003. In her view, her claims thus encompass far more than allegations of legal malpractice, and are not barred by a three-year statute of limitations. Seguin also questions whether the motion justice comprehensively reviewed her materials to sufficiently rule on the motion because he expressed his inability to finish reading all the papers

Seguin submitted shortly before the hearing. Seguin maintains that this comment, coupled with her assertion that the motion justice "systematically forbade" her to speak at the hearing, evinces the impingement of her constitutional due-process right to a fair hearing. Lastly, Seguin contends that she was not required to submit affidavits or expert witness testimony in opposing the motion for summary judgment.[6]

## II

### Discussion

"This Court reviews a lower court's grant of a motion for summary judgment *de novo*, 'employing the same standards and rules used by the hearing justice.'" *Empire Acquisition Group, LLC v. Atlantic Mortgage Co.*, 35 A.3d 878, 882 (R.I.2012) (quoting *Generation Realty, LLC v. Catanzaro*, 21 A.3d 253, 258 (R.I. 2011)). "We will affirm the grant of summary judgment only '[i]f we conclude, after viewing the evidence in the light most favorable to the nonmoving party, that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law * * *.'" *Id.* (quoting *Pereira v. Fitzgerald*, 21 A.3d 369, 372 (R.I.2011)). "The party opposing summary judgment bears the burden of proving, by competent evidence, the existence of facts in dispute." *Higgins v. Rhode Island Hospital*, 35 A.3d 919, 922

4. To the extent that the motion justice considered other materials submitted by Seguin that are referred to in the transcripts but are not documented in the record, such materials were not sufficient to sway his assessment that Seguin had failed to meet her burden.

5. The law firm's original complaint is still pending in the Superior Court.

6. We note that Seguin has filed numerous motions and memoranda with this Court in

connection with her appeal, including, but not limited to: motions for sanctions against the appellee for fraud upon the Court; motions for *de novo* appellate review; motions to vacate a void order for noncompliance with *de novo* appellate standard; a motion to proceed to full briefing; and a request for judicial notice. We have considered such motions during the pendency of Seguin's appeal and have denied them by various orders of this Court.

(R.I.2012) (quoting *Trust of McManus v. McManus*, 18 A.3d 550, 552 (R.I.2011)). Hence, "parties will not be allowed to rely upon mere allegations or denials in their pleadings." *Bourg v. Bristol Boat Co.*, 705 A.2d 969, 971 (R.I.1998). "Rather, *by affidavits or otherwise* [,] [nonmoving parties] have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact" for trial. *Id.* (citing *St. Paul Fire & Marine Insurance Co. v. Russo Brothers, Inc.*, 641 A.2d 1297, 1299 (R.I.1994)) (emphasis added); *see also* Super.R.Civ.P. 56(e).

█ It is clear from a review of the record that, despite the deluge of materials Seguin submitted in this case, she has failed to sustain her summary-judgment burden as the nonmoving party. As observed by the motion justice, with which observation we agree, "based on the papers that [Seguin] filed, the numerous papers, [she] did everything but comply with the rules * * * on summary judgment." The motion justice further determined that Seguin had "failed to do one of the most important things in a Rule 56 motion, and, that is, to produce evidence under oath" in opposition to the motion. We, too, conclude that Seguin failed to proffer anything beyond argument, allegations, legal suppositions, and the like, in her filings. Although Seguin's opposition need not have been confined to solely opposing affidavits, she was required under Rule 56 to demonstrate by some sort of competent evidence a genuine issue of material fact.[7] This apparent paucity, unfortunately for Seguin, condemned her counterclaim to its fateful end.

█ We emphasize that, "[a]lthough an opposing party is not required to disclose in its affidavit all its evidence, he [or she] must demonstrate that he [or she] has evidence of a substantial nature, as distinguished from legal conclusions, to dispute the moving party on material issues of fact." *Bourg*, 705 A.2d at 971 (quoting *Gallo v. National Nursing Homes, Inc.*, 106 R.I. 485, 489, 261 A.2d 19, 21–22 (1970)). Seguin argues that her witness list provided in her answers to the law firm's interrogatories was sufficient to oppose the law firm's summary judgment motion. However, such a list does not demonstrate that Seguin had evidence of a substantial nature in support of her counterclaim. *See Wright v. Zielinski*, 824 A.2d 494, 499 (R.I.2003) ("When opposing a motion for summary judgment, a party cannot merely cite the names of witnesses who will testify at a later trial and then hope the court will allow him [or her] to prove his or her claims at that time."). Moreover, neither of Seguin's two named witnesses was designated as an expert witness. It is well settled that "expert testimony is required to establish any matter that is not obvious to a lay person and thus lies beyond common knowledge[,]" *Mills v. State Sales, Inc.*, 824 A.2d 461, 468 (R.I. 2003), such as in legal malpractice actions where the standard of care must be established. *See Cronan v. Iwon*, 972 A.2d 172, 173 (R.I.2009) (mem.) ("A party opposing a motion for summary judgment on a legal malpractice claim 'generally must present expert evidence, in the form of an affidavit or otherwise, establishing the standard of care.'" (quoting *Ahmed v. Pannone*, 779 A.2d 630, 633 (R.I.2001))).

Furthermore, we are of the opinion that Seguin received a full and fair hearing on her opposition. The motion justice heard from both parties, reviewed the materials

---

7. In fact, the motion justice suggested to Seguin that she could have taken a deposition and submitted testimony elicited from such a deposition as competent evidence in opposing the motion for summary judgment.

submitted in connection with the motion that were made part of the record, and fully set forth both the standard of review and reasoning that he employed in his decision. Thus, we find this contention by Seguin to be unavailing.

Based on our holding that the defendant failed to meet her burden in opposing the plaintiff's motion for summary judgment on her counterclaim, we need not address the statute of limitations or jurisdictional issues raised in connection with this appeal.

## III

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record in this case may be returned to the Superior Court.

Justice ROBINSON did not participate.