**Supreme Court**

No. 2015-339-Appeal.
(PC 13-3697)

Lisa Garant                          :

        v.                           :

Michael E. Winchester et al.         :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Lisa Garant                                    :

v.                                    :

Michael E. Winchester et al.          :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court**. The plaintiff, Lisa Garant, appeals from a Superior Court decision granting summary judgment in favor of the defendant, The 18-20 Woodland Court Condominium Association. On appeal, Ms. Garant argues that the statute of limitations relative to her claim should have been tolled due to the fact that her original complaint, filed before the statutory period expired, named as the defendant "XYZ Company," i.e., a fictitious name. This case came before the Supreme Court for oral argument on September 29, 2016, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

According to the allegations in the complaint, on August 11, 2010, Ms. Garant suffered injuries as the result of a trip and fall accident on an outdoor walkway at 18-20 Woodland Court in Lincoln (the Woodland property). The Woodland property consisted of two units, which were individually owned by Michael E. Winchester and Suzy O. Barcelos-Winchester (Unit 18), and Carolyn S. Mostello (Unit 20).[1] The unit owners together formed the 18-20 Woodland Court Condominium Association, an unincorporated association under G.L. 1956 § 34-36.1-3.01.

On January 27, 2011, counsel for Ms. Garant sent a letter to defendant's insurance carrier, Quincy Mutual Group (Quincy), notifying it of Ms. Garant's claim. The letter identified the insured as "Woodland Court Condo Assoc." Quincy responded to this letter on February 7, 2011, advising Ms. Garant's counsel of the policy limits. Quincy sent follow-up correspondence to Ms. Garant's counsel on five subsequent occasions: July 14, 2011, August 3, 2011, September 26, 2011, October 19, 2011, and January 4, 2012. In the letters sent by Quincy, it sought personal information, medical documentation, and a statement from Ms. Garant. In each of those letters, Quincy referred to its insured as "Woodland Court Condo Assoc." It was not until July 30, 2012 that Ms. Garant's counsel replied to Quincy with a demand letter.

In an attempt to confirm the identity of defendant, a title examiner was engaged to conduct research at the Lincoln Registry of Deeds concerning the Woodland property.[2] Both the

---

[1]  We note that the condominium owners were named as defendants in plaintiff's original complaint. However, they were dismissed with prejudice on February 25, 2015 and March 5, 2015, respectively. They are not parties to this appeal.

[2]  After carefully reviewing the record, we are unable to determine whether it was Ms. Garant or her counsel who conducted research concerning (and/or was in possession of) information regarding defendant's identity prior to the filing of the original complaint.

Declaration of Condominium and the Deed for the Woodland property identified the condominium association as "The 18-20 Woodland Court Condominium Association." Despite having learned the identity of defendant by means of the Registry of Deeds, Ms. Garant nonetheless consulted the Rhode Island Secretary of State's corporate database. That search did not reveal any entity listed under "18-20 Woodland" or "Woodland Court Condominium Association." Ms. Garant did find in that database an entity listed as "The Woodland Estates Condominium Association;" however, the Secretary of State's database indicated that that particular entity had a principal office in Johnston and not Lincoln, where defendant's Woodland property is located.

Ms. Garant alleges that, based on the information received from Quincy, the Registry of Deeds, and the Secretary of State's corporate database, she was unable to determine defendant's true identity. Accordingly, on July 25, 2013, just prior to the expiration of the three-year statute of limitations (August 11, 2013), Ms. Garant filed a complaint against the individual unit owners, as well as an entity referred to as "XYZ Company," claiming that these defendants' negligent maintenance of the walkway on the Woodland property caused her to fall and injure herself. On November 19, 2013, in their responses to interrogatories propounded by Ms. Garant, the unit owners identified their condominium association as "18-20 Woodland Court Condominium Association."

Despite possessing the interrogatory responses from the unit owners, it was not until August 4, 2014—nearly a full year after the expiration of the statute of limitations—that Ms. Garant sought leave to file an amended complaint in order to add "18-20 Woodland Court Condominium Association" as a defendant. Ms. Garant's motion to amend her complaint was granted on October 9, 2014. The defendant filed its answer to the amended complaint on

October 28, 2014. On March 13, 2015, defendant filed a motion for summary judgment, arguing that the statute of limitations had run because more than three years had passed between the date of the alleged accident and the date of the filing of the amended complaint. The defendant asserted that Ms. Garant's original complaint had not tolled the statute of limitations because, at the time when she filed that complaint, Ms. Garant knew defendant's identity.

At a hearing on May 19, 2015, the hearing justice granted defendant's motion for summary judgment. The hearing justice determined that G.L. 1956 § 9-5-20, which permits a plaintiff who does not know a defendant's name to use a fictitious name for purposes of filing a complaint, could not properly be invoked by Ms. Garant because she knew 18-20 Woodland Condominium's identity prior to the expiration of the statute of limitations.[3] The hearing justice found that Ms. Garant was in possession of the land record evidence from the Registry of Deeds before filing her original complaint and, consequently, had knowledge of defendant's identity at that time. While a substantial portion of the summary judgment hearing focused on Rule 15(c) of the Superior Court Rules of Civil Procedure[4], Ms. Garant has opted not to raise that issue on

---

[3]     General Laws 1956 § 9-5-20 provides:

> "Whenever the name of any defendant or respondent is not known to the plaintiff, the summons and other process may issue against him or her by a fictitious name, or by such description as the plaintiff or complainant may select; and if duly served, it shall not be abated for that cause, but may be amended with or without terms as the court may order."

[4]     Rule 15(c) of the Superior Court Rules of Civil Procedure provides in pertinent part as follows:

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing or adding a plaintiff or defendant or the naming of a

appeal; accordingly, we shall not address it here. On May 22, 2015, the hearing justice entered final judgment in defendant's favor. Ms. Garant timely appealed.

## II

### Standard of Review

"This Court reviews the grant of summary judgment in a de novo manner." Ferris Avenue Realty, LLC v. Huhtamaki, Inc., 110 A.3d 267, 279 (R.I. 2015). "We view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,] we will affirm the [trial justice's grant of summary] judgment." Moore v. Rhode Island Board of Governors for Higher Education, 18 A.3d 541, 544 (R.I. 2011) (internal quotation marks omitted). We are mindful of the fact that "[s]ummary judgment is an extreme remedy that should be applied cautiously." Ferris Avenue Realty, LLC, 110 A.3d at 279.

It is the party opposing summary judgment that "bears the burden of proving, by competent evidence, the existence of facts in dispute." Jessup & Conroy, P.C. v. Seguin, 46 A.3d 835, 838 (R.I. 2012) (internal quotation marks omitted); see also Higgins v. Rhode Island Hospital, 35 A.3d 919, 922 (R.I. 2012). That party must "set forth specific facts showing that there is a genuine issue of material fact * * * ." Jessup & Conroy, P.C., 46 A.3d at 839 (internal quotation marks omitted); see also Bourg v. Bristol Boat Co., 705 A.2d 969, 971 (R.I. 1998).

---

party relates back if the foregoing provision is satisfied and within the period provided by Rule 4(l) for service of * * * required documents, the party against whom the amendment adds a plaintiff, or the added defendant: * * * [k]new or should have known that but for a mistake the action would have been brought by or against the plaintiff or defendant to be added."

# III

## Analysis

On appeal, Ms. Garant challenges the hearing justice's decision to grant summary judgment against her, arguing that the statute of limitations on her claim should have been tolled pursuant to § 9-5-20[5] because she filed a complaint referencing a fictitiously named entity defendant within the three-year statutory period.[6] This Court has previously held that "the underlying purpose of § 9-5-20 is to provide a plaintiff with a mechanism to toll the applicable statute of limitations against a fictitiously named defendant." Souza v. Erie Strayer Co., 557 A.2d 1226, 1228 (R.I. 1989); Sousa v. Casey, 111 R.I. 623, 306 A.2d 186 (1973). However, we have also made it clear that "[a] plaintiff may avail himself or herself of the provisions of § 9-5-20 only when 'the name of any defendant * * * is not known to the plaintiff.'" Sola v. Leighton, 45 A.3d 502, 507 (R.I. 2012) (quoting § 9-5-20) (emphasis added).

We are of the opinion that the provisions of § 9-5-20 are unavailable to Ms. Garant because she knew the identity of defendant before the statutory period expired. It will be recalled that, at some point after she suffered her alleged injury, but before she filed her original complaint on July 25, 2013, the title examiner conducted research at the Registry of Deeds concerning the Woodland property. Both the Declaration of Condominium and the deed for the Woodland property clearly indicated that the correct name of defendant was "The 18-20 Woodland Court Condominium Association," and Ms. Garant has acknowledged that she was in

---

[5]    See footnote 3, supra.

[6]    General Laws 1956 § 9-1-14(b) sets forth the statute of limitations for Ms. Garant's claim: "Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after * * * ." The parties do not dispute the fact that a three-year statute of limitations applies to Ms. Garant's claim and that her amended complaint was filed more than three years after the occurrence of the alleged accident.

possession of this information before filing her original complaint. The record reveals that she had access to, and did in fact access, these public land records; consequently, she knew defendant's identity prior to the expiration of the statute of limitations. Ms. Garant's argument that she was confused as to the identity of defendant because of "contradictory information" is unavailing. As defendant appropriately points out, Ms. Garant's confusion "simply does not change the fact that, from the land evidence records obtained prior to the expiry of the statute of limitations, the plaintiff <u>knew</u> the identity of the Association." It follows that she may not seek refuge in § 9-5-20, "which is intended to protect parties who do not know the identity of a defendant." <u>Sola</u>, 45 A.3d at 507; <u>see</u> <u>also</u> <u>Ensey v. Culhane</u>, 727 A.2d 687, 690 (R.I. 1999).

Accordingly, it is our view that the hearing justice correctly granted summary judgment in favor of the defendant, The 18-20 Woodland Court Condominium Association.

## IV

## Conclusion

For the foregoing reasons, we affirm the Superior Court's grant of summary judgment. The record may be returned to that tribunal.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      Lisa Garant v. Michael E. Winchester et al.

**CASE NO:**      No. 2015-339-Appeal.
           (PC 13-3697)

**COURT:**      Supreme Court

**DATE OPINION FILED:**  December 8, 2016

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

      Associate Justice Richard A. Licht

**ATTORNEYS ON APPEAL:**

      For Plaintiff:  Benjamin A. Pushner, Esq.
                    Stephen Schonhoff, Esq.

      For Defendant:  Kevin N. Rolando, Esq.
                     George J. Lazieh, Esq.
                     Michael Raimond De Luca, Esq.