April 19, 2023

**Supreme Court**

No. 2022-8-Appeal.
(PC 13-2925)

Donnelly Real Estate, LLC      :

v.               :

John Crane Inc. et al.       :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Donnelly Real Estate, LLC :

v. :

John Crane Inc. et al. :

Present: Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The plaintiff, Donnelly Real Estate, LLC, appeals from a Superior Court judgment in favor of the defendant, John Crane, Inc., following the grant of summary judgment and motions to strike in favor of the defendant. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm in part and vacate in part the judgment of the Superior Court.

## I

## Facts and Travel

We glean the underlying facts of this case from plaintiff's complaint, the submissions of the parties, and the transcripts.

This case concerns the purchase and lease of a commercial property. On April 2, 2012, plaintiff and defendant entered into a purchase and sale agreement for plaintiff to purchase defendant's property located at 50 Sharpe Drive in Cranston, Rhode Island. On July 18, 2012, the parties also entered into a lease agreement permitting defendant to remain in approximately one-fifth of the property while plaintiff renovated the building. Closing occurred on July 19, 2012. The plaintiff alleges that asbestos was discovered on the property when, after closing, defendant provided plaintiff with a box of documents, including a project manual and building plans, indicating that portions of the property contained vinyl asbestos tiles (VAT). The plaintiff also alleges that defendant failed to vacate the remaining four-fifths of the building at the agreed-upon time.

On June 18, 2013, plaintiff filed a complaint in Providence County Superior Court against defendant and Gordon R. Archibald, Inc., Professional Engineers.[1] The complaint contains five counts against defendant: (1) fraud/intentional misrepresentation; (2) negligent misrepresentation; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; and (5) breach of lease contract.

In its complaint, plaintiff maintained that, if it had been aware of the presence of asbestos or VAT prior to signing the purchase and sale agreement, that knowledge

---

[1] Gordon R. Archibald, Inc., Professional Engineers is not a party to this appeal; an order granting its motion for summary judgment entered on October 16, 2018, which was not challenged by plaintiff.

might have influenced its decision to buy the property or alter the purchase price it offered to defendant. Furthermore, plaintiff alleged that defendant's delay in vacating plaintiff's portion of the property prevented plaintiff from beginning renovations and from discovering the presence of asbestos in the building. The plaintiff asked for damages based on its remediation of the property, the delay in moving its business onto the property, and rental fees incurred during the delay. It also asked for attorneys' fees and costs. On October 9, 2013, defendant filed an answer denying all five counts.

On December 19, 2017,[2] by agreement of the parties, a justice of the Superior Court (the motion justice) entered a consent order requiring plaintiff to "disclose the identity, opinions and bases" for any expert opinions, including any formal reports "of any expert witnesses [p]laintiff may call at trial in this matter, no later than January 31, 2018[.]" On July 9, 2018, no such disclosures having been made, defendant moved to dismiss the complaint (1) pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure based on plaintiff's failure to have prosecuted its case and (2) pursuant to Rule 37 of the Superior Court Rules of Civil Procedure for plaintiff's failure to have complied with the consent order. On October 16, 2018, the motion justice conditionally granted defendant's motion to

---

[2] Our review of the record indicates that the case essentially lay dormant between the time the answer was filed and sometime in 2017, when the parties filed a deposition stipulation. It is unclear from the record what caused this delay.

dismiss unless plaintiff disclosed, on or before October 19, 2018, "the identity, opinions, and bases for such opinions" of all expert witnesses it expected to call at trial or confirmed in writing that it would not call any expert witness at trial. On October 18, 2018, plaintiff filed a disclosure of experts, which it supplemented on November 9, 2018, and December 6, 2018.

On November 7, 2018, defendant filed a motion for final order of dismissal, arguing that plaintiff's expert disclosures did not comply with the October 16 order. The plaintiff objected on November 12, 2018, and asserted that it had adequately complied with the court's order by naming three expert witnesses: Russell G. Vigliotti (Vigliotti), M. Frank Silva (Silva), and EMSL Analytical, Inc. (EMSL). After a hearing on December 13, 2018, the motion justice granted defendant's motion in part. An order entered on January 4, 2019, prohibiting plaintiff from relying on any expert witness other than Vigliotti, who was the general contractor for the asbestos removal and renovation projects; the order also expressly prohibited plaintiff from calling either EMSL or Silva, an air quality hygienist, as an expert witness. In addition, the motion justice imposed a sanction upon plaintiff, requiring it to pay to defendant its reasonable attorneys' fees and expenses, which the parties agreed amounted to $2,500.

On March 22, 2021, defendant filed a motion for summary judgment. It asserted that plaintiff could not prove the required elements of any of its claims

because plaintiff "ha[d] no way to put into evidence that there even was asbestos at the [p]roperty, or that the alleged asbestos required removal or abatement." The defendant argued that Vigliotti, the only expert witness that plaintiff was permitted to present, does not "possess * * * any expertise in any field relevant to the issues in question in this action."

The defendant additionally submitted a motion to strike portions of plaintiff's third supplemental expert disclosure regarding Vigliotti's testimony relating to asbestos because Vigliotti and plaintiff both admitted on the record that Vigliotti has no knowledge or expertise related to asbestos. Thus, according to defendant, all opinions concerning asbestos in the disclosure should be stricken to avoid plaintiff being permitted to use Vigliotti as "a mouthpiece to simply parrot [the barred experts'] purported opinions."

In response, plaintiff asserted that dismissal was not warranted because it "d[id] not need an outside, retained expert" and that "evidence of the asbestos testing and abatement would be allowed in trial based upon the Rhode Island Rules of Evidence." In particular, plaintiff presented affidavits from Silva and Peter Donnelly[3] to support its assertion that it "had to have the asbestos abated and removed."

---

[3] Peter Donnelly is the sole member of the plaintiff business. He also owns Donnelly's, Inc. of Rhode Island, a separate entity that is relevant to these

Subsequently, defendant filed further motions to strike Silva's affidavit and portions of Donnelly's affidavit containing expert opinions and conclusions because the affidavits were in contravention of the order barring any experts except Vigliotti. A hearing on the motions was held on August 25, 2021, before a second justice of the Superior Court (the hearing justice).

On September 1, 2021, the hearing justice issued a bench decision granting defendant's motions to strike and motion for summary judgment. With regard to the motions to strike, the hearing justice found that Silva's and Donnelly's affidavits presented expert testimony and allowing such expert testimony would "circumvent the unambiguous court order issued in December of 2017." Further, the hearing justice found that "Vigliotti does not have the requisite expert knowledge to opine about the asbestos and the asbestos removal or the lab data or testing [that is] at the heart of this case." The hearing justice determined that, without qualified expert testimony, plaintiff could not "establish or carry its burden of proof on [its] claims[,]" and, thus, defendant was entitled to summary judgment.

An order and final judgment to that effect were subsequently entered on September 9, 2021. The plaintiff filed a timely notice of appeal on September 9, 2021.

---

proceedings. Because we refer to plaintiff by its party designation, we refer to Peter Donnelly by his last name herein.

## II

## Discussion

On appeal, plaintiff submits that the hearing justice erred (1) in granting defendant's motions to strike Vigliotti's expert disclosure and Silva's affidavit and (2) in granting defendant's motion for summary judgment on all counts.

## A

## Motions to Strike

## Standard of Review

We begin with plaintiff's argument that the hearing justice erred by granting defendant's motions to strike. When this Court reviews a grant of a motion to strike, we examine the hearing justice's decision for abuse of discretion. *Salvatore v. Palangio*, 247 A.3d 1250, 1258 (R.I. 2021) (citing *Long v. Dell, Inc.*, 93 A.3d 988, 1005 (R.I. 2014)).

## Vigliotti Expert Disclosure

The plaintiff's argument regarding Vigliotti's expert disclosure centers on the hearing justice's decision to strike portions of the disclosure that mention asbestos without holding a *DiPetrillo* evidentiary hearing to determine Vigliotti's qualifications as an asbestos expert. *See DiPetrillo v. Dow Chemical Company*, 729 A.2d 677, 686-87 (R.I. 1999). According to plaintiff, without holding a hearing pursuant to Rule 104 of the Rhode Island Rules of Evidence, or otherwise

considering competence to provide testimony regarding asbestos, the hearing justice "had no basis on which to preclude Vigliotti from testifying regarding the presence of asbestos in the building." The plaintiff adds little meat to its skeletal appellate argument.

We have articulated that the decision to conduct a *DiPetrillo* hearing is within the sound discretion of the hearing justice. *DiPetrillo*, 729 A.2d at 686 ("In [cases including complex and/or novel scientific and technical evidence], within discretion, the trial justice must control the gateway for expert scientific testimony by conducting pursuant to Rule 104 an early, preliminary assessment of the evidence."); *see Roe v. Gelineau*, 794 A.2d 476, 483 (R.I. 2002) ("An evidentiary hearing, however, is not automatically mandated in every case. Only when a party squarely alerts the trial justice that scientific or medical evidence is at issue and makes a threshold showing, by affidavit or offer of proof, that the evidence is derived from a valid scientific theory will the need for a *DiPetrillo* * * * hearing be triggered.").

The hearing justice determined that "Vigliotti does not have the requisite expert knowledge to opine about the asbestos and the asbestos removal or the lab data or testing [that is] at the heart of this case." This determination was based on Vigliotti's deposition, where plaintiff's counsel confirmed that Vigliotti is not "an asbestos abatement or asbestos expert" and Vigliotti stated that he was not offering an opinion pertaining to this case. It is clear to us that Vigliotti does not have the

- 8 -

requisite expert qualifications to opine about the presence of asbestos or necessary remediation. We are therefore satisfied that the hearing justice did not abuse his discretion by not holding an evidentiary hearing under Rule 104. Accordingly, the grant of defendant's motion to strike portions of Vigliotti's expert disclosure is affirmed.

## Silva Affidavit

Regarding Silva's stricken affidavit, plaintiff argues that Silva was not an expert witness as contemplated under the motion justice's order, but instead, a "percipient witness with expert knowledge." Thus, plaintiff submits that Silva should have been permitted to testify as an "ordinary [fact] witness" with expert knowledge testifying to his own personal knowledge of the presence of asbestos on the property. In support of its contention, plaintiff urges this Court to recognize the distinction of expert witness classifications as the United States Court of Appeals for the First Circuit articulated in *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1 (1st Cir. 2011). *See Downey*, 633 F.3d at 6 ("As the text of Rule 26(a)(2)(B) makes plain, the rule covers two types of experts: (i) 'retained or specially employed' experts who meet certain criteria and (ii) employees of a party who meet certain criteria.").

However, plaintiff's reliance on federal rules is unavailing. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires parties to disclose the identity of,

and provide a report for, any *retained expert witness* that the party intends to use to present evidence. Fed. R. Civ. P. 26(a)(2)(B).  As such, the issue in *Downey* concerns whether an expert was subject to the written report requirements under the federal rule. *Downey*, 633 F.3d at 6-8.  Nevertheless, the First Circuit held that the witness should have been permitted to testify because he was personally involved "in the events giving rise to the litigation" and had not been retained or specially employed for the sole purpose of providing expert testimony. *Id.* at 6.

But unlike its federal counterpart, the Rhode Island Superior Court Rules of Civil Procedure do not operate to distinguish between a "retained expert" and a "percipient witness with expert knowledge." *See* Super. R. Civ. P. 26(b)(4)(A). Instead, Rule 26(b)(4)(A) of the Superior Court Rules of Civil Procedure requires a party to answer interrogatories regarding experts with "*each person* whom the other party expects to call as an expert witness at trial" and to provide the basis for the expert's opinions. (Emphasis added.)  The Rhode Island Rules of Evidence also do not make this distinction; Rule 702 permits "a witness qualified as an expert by knowledge, skill, experience, training, or education" to testify "in the form of fact or opinion" regarding "scientific, technical, or other specialized knowledge [to] assist the trier of fact [in] understand[ing] the evidence or to determine a fact in issue[.]"

Here, even though the motion justice's order plainly states, "[p]laintiff is prohibited from relying on M. Frank Silva as an expert witness in this matter[,]" the

- 10 -

testimony proffered in Silva's affidavit and supporting exhibits is replete with "scientific, technical, [and] other specialized knowledge[,]" such as the analysis of laboratory testing and the results of air sampling. *See* R.I. R. Evid. 702. Therefore, we agree with the hearing justice that permitting plaintiff to present testimony from Silva would "circumvent the unambiguous court order issued in December of 2017." Because Silva's affidavit clearly offers expert testimony, it was well within the sound discretion of the hearing justice to restrict such testimony. Accordingly, we affirm the hearing justice's grant of defendant's motion to strike Silva's affidavit.

**B**

**Summary Judgment**

**Standard of Review**

"This Court will review the grant of a motion for summary judgment *de novo*." *Borgo v. Narragansett Electric Company*, 275 A.3d 567, 571 (R.I. 2022) (brackets omitted) (quoting *Shorr v. Harris, as Trustee of Trust of Anna H. Blankstein*, 248 A.3d 633, 636 (R.I. 2021)). "We will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Shorr*, 248 A.3d at 636).

- 11 -

## Counts I-IV

The Court is evenly divided with respect to plaintiff's challenge to the Superior Court's grant of summary judgment in favor of defendant on counts I-IV. Accordingly, the Superior Court judgment as to counts I-IV is affirmed.

## Count V

We turn next to plaintiff's challenge to the grant of defendant's motion for summary judgment on count V. The plaintiff avers that summary judgment was not proper with regard to its claim for breach of lease contract. According to plaintiff, "the [hearing] justice erroneously overvalued the necessity of expert testimony in granting [defendant's] summary judgment motion." The plaintiff asserts that its claim "has nothing to do with asbestos"; thus, the claim does not require expert testimony. Instead, plaintiff claims that defendant's alleged breach delayed plaintiff's ability to renovate and use the property.

The defendant, however, argues that plaintiff's assertion that its breach of lease contract claim has nothing to do with asbestos is unsupported by the record because, at the hearing, plaintiff argued that defendant's alleged breach "delayed finding the asbestos and delayed the construction." The defendant suggests that the inclusion of asbestos-related matters in this claim demonstrates that expert testimony is required to carry plaintiff's burden of proof for count V. Finally, defendant argues

that, in any event, plaintiff waived this argument because it failed to develop it at the summary-judgment hearing.

We begin by addressing defendant's assertion that plaintiff waived its argument. "According to this Court's well settled raise-or-waive rule, issues not properly presented before the trial court may not be raised for the first time on appeal." *Borgo*, 275 A.3d at 576-77 (quoting *Decathlon Investments v. Medeiros*, 252 A.3d 268, 270 (R.I. 2021)). Our review of the record demonstrates that plaintiff adequately raised this issue below. At the summary-judgment hearing, plaintiff argued that:

> "[T]he breach of lease claim is actually based on the fact that Donnelly Real Estate and John Crane had entered into a lease agreement the same day of the closing, July 18th of 2012. * * * So they were renting 20 percent of the building and the other 80 percent they were supposed to leave vacant so that way Donnelly could start the renovation and the construction on the building. However, John Crane delayed moving into that, fully getting out of the 80 percent, which delayed finding the asbestos and delayed the construction."

We are of the opinion that this declaration adequately set forth plaintiff's argument and, thus, properly preserved this issue for appeal.

We turn now to the substance of the issue. We have previously held that "expert testimony is required to establish any matter that is not obvious to a lay person and thus lies beyond the common knowledge * * * ." *Jessup & Conroy, P.C. v. Seguin*, 46 A.3d 835, 839 (R.I. 2012) (quoting *Mills v. State Sales, Inc.*, 824 A.2d

- 13 -

461, 468 (R.I. 2003)). "However, when a jury is capable of accurately comprehending facts and circumstances that have been described to them by a non-expert, 'there is no necessity for the expert testimony' on that subject." *Chapdelaine v. State*, 32 A.3d 937, 948 (R.I. 2011) (quoting *State v. Castore*, 435 A.2d 321, 326 (R.I. 1981)).

Contrary to defendant's argument, we are of the opinion that plaintiff may carry its burden of proof without expert testimony. Certainly, under this set of facts, evidence regarding the lease contract and costs related to delay and repairs is typically obvious to laypersons and lies squarely within common knowledge. *See Jessup & Conroy, P.C.*, 46 A.3d at 839. The facts and circumstances giving rise to plaintiff's breach of lease contract claim, such as the lease contract between the parties, defendant's alleged failure to vacate, and the non-asbestos-related costs associated with defendant's alleged delay, can be accurately described to a jury. *See Barenbaum v. Richardson*, 114 R.I. 87, 91, 328 A.2d 731, 733 (1974). We are certain that a "jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as is the expert * * * ." *Id.*

Notwithstanding the stricken expert disclosure of Vigliotti and the stricken affidavit of Silva, viewing the facts in a light most favorable to the plaintiff, whether the defendant breached the lease agreement and the existence and amount of any damages therefrom remains a genuine issue of material fact. *See Borgo*, 275 A.3d at

- 14 -

571. Therefore, we hold that the hearing justice erred when he granted the defendant's motion for summary judgment as to count V of the plaintiff's complaint.[4]

## III

### Conclusion

For the reasons set forth herein, we affirm the Superior Court's grant of the defendant's motions to strike. The Superior Court's grant of summary judgment in favor of the defendant as to counts I-IV is affirmed by an equally divided court. We vacate the Superior Court's grant of summary judgment in favor of the defendant for count V. The record may be returned to the Superior Court for further proceedings consistent with this opinion.

Justice Long did not participate.

---

[4] At oral arguments before this Court and before the hearing justice, defendant also asserted that most of the damages that plaintiff was seeking were incurred by a "wholly unrelated non-party," Donnelly's, Inc. of Rhode Island. We decline to address this issue because we are of the opinion that this factual issue is better suited to be addressed on remand.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Donnelly Real Estate, LLC v. John Crane Inc. et al. |
| **Case Number** | No. 2022-8-Appeal.<br>(PC 13-2925) |
| **Date Opinion Filed** | April 19, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard D. Raspallo |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jennifer L. Sylvia, Esq.<br>For Defendant:<br><br>Katharine Kohm, Esq. |

SU-CMS-02A (revised November 2022)