**Walter MOORE**

v.

**RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION et al.**

**No. 2010–10–Appeal.**

Supreme Court of Rhode Island.

May 6, 2011.

---

Mark P. Gagliardi, Esq., Providence, for Plaintiff.

Jeffrey S. Michaelson, Esq., No. Kingstown, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on March 2, 2011, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Walter Moore (Moore or plaintiff), appeals from the grant of summary judgment in favor of the defendants, Rhode Island Board of Governors for Higher Education (Board of Governors) and the University of Rhode Island (URI), in the Providence County Superior Court. Summary judgment was granted on the basis that the plaintiff, in a prior suit (*Moore I*), had executed a waiver and release in which he released the Board of Governors and, *inter alia*, its agents, from liability for any cause of action—past, present, or future—arising from his employment by the Board of Governors.

The plaintiff then appealed to this Court, seeking a determination of (1) whether URI has the capacity to sue and be sued in its own name; (2) whether URI is an agent of the Board of Governors; and (3) whether the June 13, 2005 release included a release of any potential claims against URI on the grounds that URI is an agent of the Board of Governors. After reviewing the memoranda submitted by the parties and the arguments of counsel, we are satisfied that cause has not been shown. We vacate the judgment of the Superior Court and remand this case for a factual determination by the trial justice

on whether Moore's claim for relief was time-barred.

## Facts and Travel

The plaintiff is an African–American male employed as an internal auditor in the Board of Governors' Office of Higher Education. Although the issues before this Court stem from an employment discrimination suit plaintiff brought in 2008 (*Moore II*), we must begin our analysis with a discussion of a previous employment discrimination suit plaintiff brought against the Board of Governors in 2003 (*Moore I*).

### *Moore I*

In August 2001, a white female coworker of plaintiff's reported to the Board of Governors that plaintiff had engaged in inappropriate workplace conduct. Moore contended that although the board investigated the incident, the investigation "was a deliberate and intentional sham on the part of Board authorities." He further contended that he was unfairly disciplined, and was subjected to disparate, discriminatory, and retaliatory treatment, in contravention of the Board of Governors' established procedures. In 2003, plaintiff filed *Moore I,* an employment discrimination suit against the Board of Governors in the United States District Court for the District of Rhode Island.

*Moore I* was settled on June 13, 2005. Under the settlement agreement, plaintiff executed a waiver agreeing to release the Board of Governors and, *inter alia,* its agents, from liability for any cause of action—past, present, or future—arising from his employment with the Board of Governors.

### *Moore II*

On April 24, 2006, Moore lodged a complaint with the Rhode Island Commission for Human Rights (commission) alleging violations of the Fair Employment Practices Act (FEPA), as set forth in G.L.1956 chapter 5 of title 28. Specifically, plaintiff contended that a similar internal auditor position—with a higher salary—became available at URI, but URI did not post or advertise this position, in contravention of its established personnel policies. The position was filled by the same female colleague that had previously accused Moore of sexual harassment; who, he contends, had less experience and education than he did.

Although the internal auditor position at issue was filled in 2004, plaintiff asserts that he did not discover the salary disparity until April 27, 2005,[1] before he executed the release in *Moore I.* He filed a complaint with the commission within one year of that date. The statute of limitations for filing a complaint with the commission is one year from the date "the unlawful employment practices have occurred, have terminated, or have been applied to affect adversely the person aggrieved * * *." Section 28–5–17(a). The commission granted Moore the right to sue on April 28, 2008.

In July 2008, plaintiff brought suit in Superior Court against the Board of Governors and URI. Shortly thereafter, the Board of Governors sought summary judgment on the grounds that Moore's claim was time-barred because he did not file a complaint with the commission until approximately two years after the alleged discrimination took place. Moore argued that the discovery rule tolled the applicable statute of limitations because he did

---

**1.** The plaintiff allegedly discovered the disparity during a deposition conducted for the *Moore I* lawsuit.

not discover the violation until April 27, 2005, in the course of a deposition of the female coworker in connection with discovery in *Moore I*. He further argued that the waiver did not release URI because URI is an entity separate and distinct from the Board of Governors, capable of suing and being sued in its own name. By contrast, the Board of Governors argued that URI is not an entity that can sue and be sued. It contends that URI is an agent of the Board of Governors and that the waiver executed under *Moore I* released defendant and its agents from all liability.

The hearing justice agreed with defendant's contention that URI is not an entity capable of suing and being sued in its own right, and granted summary judgment. She did not pass upon the statute of limitations issue.

The plaintiff then appealed to this Court, seeking a determination of: (1) whether URI has the capacity to sue and be sued in its own name; (2) whether URI is an agent of the Board of Governors; and (3) whether the June 13, 2005 release included a release of any potential claims against URI on the grounds that URI is an agent of the Board of Governors.

## Standard of Review

■ It is well established that this Court reviews a grant of summary judgment *de novo*. *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I.2009). We view the evidence in the light most favorable to the nonmoving party, and "if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,]" we will affirm the judgment. *Berman v. Sitrin*, 991 A.2d 1038, 1043 (R.I.2010) (quoting *Ouch v. Khea*, 963 A.2d 630, 632 (R.I. 2009)).

## Analysis

■ An aggrieved individual seeking to bring an employment discrimination claim under FEPA first must lodge the complaint with the commission within one year of the alleged discriminatory conduct. Section 28–5–17. The commission then will investigate the complaint, § 28–5–17(a); and, if it determines that the complaint is likely meritorious, "it shall endeavor to eliminate the unlawful employment practices by informal methods of conference, conciliation, and persuasion[.]" Section 28–5–17(b). However, a complainant may request from the commission the right to sue in Superior Court, which, if granted, terminates all proceedings before the commission and permits the complainant to commence suit in Superior Court within ninety days of the granting of the request. Section 28–5–24.1(a).

In the case at bar, plaintiff lodged a complaint with the commission on April 24, 2006. However, the alleged discriminatory conduct—URI's purported failure to advertise the internal auditor position and its hiring of Moore's Caucasian colleague—occurred in April 2004, two years before Moore's complaint to the commission. Absent the application of a tolling provision, this action would be time-barred.

■ In the proceedings below, Moore asserted that his claim should not be time-barred because the "discovery rule" applied to the facts in his case, thus tolling the statute of limitations. The discovery rule applies in "narrowly circumscribed factual situations" where the injury suffered is unknown to a plaintiff. *Mills v. Toselli*, 819 A.2d 202, 205 (R.I.2003) (quoting *Martin v. Howard*, 784 A.2d 291, 299 (R.I.2001)). In such a situation, the statute of limitations will not begin to run "until, in the exercise of reasonable diligence, the plaintiff should have discovered

the injury or some injury-causing wrongful conduct." *Id.*

Moore argued in the Superior Court that the Board of Governors intentionally misrepresented the position at URI as a lateral transfer, despite its alleged knowledge of the higher compensation. Thus, he contended, that even in the exercise of reasonable diligence, he would not have been able to discover the violation. However, because the hearing justice did not pass upon the statute of limitations issue, the record before us does not make clear whether the plaintiff could have availed himself of the discovery rule. Thus, we remand this case to the Superior Court for further factual findings on the applicability of the discovery rule; specifically, whether Moore's claim was time-barred, including a finding about what efforts, if any, Moore made to discover the violation before the deposition and whether he knew, or should have known, of the purported violation.

### Conclusion

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court and remand this case for further factual findings, after which the Superior Court shall return the papers to this Court forthwith.