February 4, 2025

Raymond Paul Montaquila, et al.　　　:

v.　　　　　　:

Flagstar Bank, FSB.　　　　:

NOTICE:　This opinion is subject to formal revision before publication in the Rhode Island Reporter.　Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Raymond Paul Montaquila, et al.         :

v.                         :

Flagstar Bank, FSB.             :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Long, for the Court.**  The plaintiff, Paula M. Montaquila[1] (plaintiff or Ms. Montaquila), appeals from a decision granting summary judgment in favor of the defendant, Flagstar Bank, FSB (defendant or Flagstar) in her action seeking declaratory and other relief related to the foreclosure sale of property located at 33 Zella Street in Providence, Rhode Island (the property).  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we

---

[1] Notwithstanding the caption in this matter, this Court affirmed the dismissal of the claims brought by Raymond Montaquila in *Montaquila v. Flagstar Bank, FSB*, 288 A.3d 967 (R.I. 2023) (*Montaquila I*). *Montaquila I*, 288 A.3d at 974.  Thus, the sole plaintiff before us is Paula Montaquila, Raymond's mother.

conclude that cause has not been shown and that we may decide this case without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Procedural History**

This case returns to this Court following our 2023 decision affirming in part and vacating in part the dismissal of plaintiff's second amended complaint. *See Montaquila v. Flagstar Bank, FSB*, 288 A.3d 967, 974 (R.I. 2023) (*Montaquila I*). We repeat the underlying facts and prior procedural history necessary to orient the reader to the instant appeal.

Ms. Montaquila and her son obtained a mortgage with Flagstar in 2008 using the property as collateral. *Montaquila I*, 288 A.3d at 969. The Montaquilas later executed a partial claim mortgage in 2016. *Id*. The mortgage and partial claim mortgage incorporated the notice requirements contained in G.L. 1956 §§ 34-11-22 and 34-27-4(b) by reference. *Id*. at 973. On April 29, 2019, Flagstar sent notice of intent to foreclose to the property via certified mail and thereafter conducted a foreclosure sale of the property, which the Montaquilas challenged by filing the present action. *Id*. at 969-70. Ms. Montaquila alleged, in relevant part, that Flagstar failed to comply with the notice requirements of §§ 34-11-22 and 34-27-4(b) because Flagstar sent notice of intent to foreclose only to the property and not to 25 Enfield Avenue, which she alleged was her last known address that is also listed with the tax

assessor's office for the City of Providence. *Id*. at 970. Flagstar filed a motion for judgment on the pleadings, which the Superior Court granted. *Id*. We affirmed the dismissal of the action with respect to claims brought by Ms. Montaquila's son; however, we vacated the dismissal as to Ms. Montaquila and remanded for further proceedings regarding whether Flagstar had satisfied the statutory notice requirements as to her. *Id*. at 973-74.

On remand, Flagstar filed a motion for summary judgment, attorneys' fees, and sanctions, arguing (1) that Ms. Montaquila is not a mortgagor with respect to the property under Rhode Island law and (2) that Flagstar complied with statutory notice requirements by sending notice of intent to foreclose to Ms. Montaquila at the property as an owner of the property. Flagstar provided a declaration and exhibits demonstrating that Ms. Montaquila signed the 2008 mortgage with Flagstar and that, consequently, the tax assessor's office for the City of Providence listed her as a record owner of the property. Additionally, Flagstar provided municipal tax collector's stubs, submitted with a 2016 loan modification application, identifying Ms. Montaquila as the person responsible for paying real estate taxes for the property. Flagstar also provided a municipal lien certificate for the property that listed Ms. Montaquila as an "assessed owner" of the property on April 10, 2019, and

a copy of the notice of intent to foreclose, dated April 29, 2019, sent to Ms. Montaquila at the property via certified mail.

In opposing Flagstar's motion for summary judgment, Ms. Montaquila argued that the foreclosure sale was invalid because Flagstar did not send notice of foreclosure to 25 Enfield Avenue, her last known address and the address listed with the tax assessor's office for the City of Providence. Ms. Montaquila attested that she has been listed with the tax assessor's office for the City of Providence as a record owner of 25 Enfield Avenue since 1996. Ms. Montaquila also submitted a tax assessor's office record for 25 Enfield Avenue, dated November 7, 2019, that lists her as a record owner of 25 Enfield Avenue. She argued that Flagstar was aware that 25 Enfield Avenue was her last known address, noting that Flagstar did not send her a face-to-face-meeting notice prior to the foreclosure sale as required by 24 C.F.R. § 203.604(b) and thus acknowledged that the property was not her residence.[2] She also pointed to numerous facts demonstrating that Flagstar knew that 25 Enfield Avenue was her residential address: that when she purchased the property, the warranty deed for the property identified her address as 25 Enfield Avenue; that in 2007 she obtained a mortgage on 25 Enfield Avenue and a promissory note from

---

[2] In *Montaquila I*, this Court concluded that the face-to-face-meeting requirement in 24 C.F.R. § 203.604(b) did not apply to plaintiff because she alleged in her complaint that she did not reside at 33 Zella Street. *Montaquila I*, 288 A.3d at 974.

Flagstar as borrower and occupant of 25 Enfield Avenue; that she did not sign the 2008 mortgage on the property as a co-borrower and, as a result, Flagstar knew she was not an occupant of the property; and that, as part of the 2016 loan modification application for the property, she provided Flagstar with her driver's license, which lists 25 Enfield Avenue as her address.

Additionally, Ms. Montaquila presented an affidavit from Alice D. Petrone, a licensed real estate broker who negotiated the sale of both 25 Enfield Avenue and the property, attesting that Ms. Montaquila (1) provided funds to her son for the purchase of the property; (2) included her name on the title to the property solely to protect her investment; and (3) had resided at 25 Enfield Avenue continuously since 1982. Ms. Petrone also opined that "proper identification would be required" to finalize the mortgage refinance process, and that therefore Flagstar "would have" a copy of plaintiff's driver's license identifying the 25 Enfield Avenue address.

The trial justice granted Flagstar's motion for summary judgment because, notwithstanding plaintiff's evidence, "there [was] no genuine issue of material fact with regard to [p]laintiff Paula being listed with the tax assessor as an assessed owner" of the property as of April 2019; therefore Flagstar had complied with statutory notice requirements by sending notice of foreclosure to the "address or addresses [] listed with the tax assessor's office * * *." It was therefore Ms.

Montaquila's burden "to refute * * * that she was the assessed owner of 33 Zella Street, and was listed as having that address."

An order granting the motion for summary judgment and denying the request for attorneys' fees and sanctions entered on January 23, 2024. Ms. Montaquila filed a premature notice of appeal on February 7, 2024. Judgment entered on February 9, 2024. Under our rules, this appeal is timely. *See* Article I, Rule 4 of the Supreme Court Rules of Appellate Procedure.

**Standard of Review**

"It is well established that this Court reviews a grant of summary judgment *de novo*." *Commerce Park Realty, LLC v. HR2-A Corp.*, 253 A.3d 1258, 1266 (R.I. 2021) (quoting *Moore v. Rhode Island Board of Governors for Higher Education*, 18 A.3d 541, 544 (R.I. 2011)). Thus, "[w]e view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Id*. (quoting *Moore*, 18 A.3d at 544). To forestall summary judgment, the nonmoving party "bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Bank of New York Mellon v. Gosset*, 307 A.3d 861, 865 (R.I. 2024) (quoting *Apex Development Company, LLC v. Rhode Island Department of Transportation*, 291

A.3d 995, 998 (R.I. 2023)).  A fact is "material" for purposes of summary judgment if it "might affect the outcome of the suit under the governing law." *Lockridge v. The University of Maine System*, 597 F.3d 464, 469 n.3 (1st Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**Analysis**

We consider whether genuine issues of material fact exist with respect to Flagstar's compliance with the statutory notice requirements contained in §§ 34-11-22 and 34-27-4(b). *See Commerce Park*, 253 A.3d at 1266.

Section 34-11-22 authorizes the incorporation of the power of sale by reference in a mortgage and thus permits a mortgagee to sell mortgaged property in the event of default, provided that the mortgagee sends "written notice of the time and place of sale by certified mail, return receipt requested, to the mortgagor, at his or her or its *last known address* * * *." (Emphasis added.)  Section 34-27-4(b) states in relevant part that

> "no notice shall be valid or effective unless the mortgagor has been mailed written notice of the time and place of sale by certified mail return receipt requested at the address of the real estate *and, if different, at the mortgagor's address listed with the tax assessor's office of the city or town where the real estate is located or any other address mortgagor designates by written notice to mortgagee at his, her, or its last known address * * *."* (Emphasis added.)

No genuine issues of material fact exist with respect to Flagstar's compliance with §§ 34-11-22 and 34-27-4(b) by sending notice of intent to foreclose to Ms. Montaquila at the property.

"[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Newport and New Road, LLC v. Hazard*, 296 A.3d 92, 94 (R.I. 2023) (quoting *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I. 2009)). We do not view statutory language in a vacuum but "consider the entire statute as a whole * * *." *Id.* (quoting *Beagan v. Rhode Island Department of Labor and Training*, 253 A.3d 858, 861 (R.I. 2021)).

The phrase "last known address" as used in §§ 34-11-22 and 34-27-4(b) is clear and unambiguous. We ascribe to it a plain and ordinary meaning and view it within the context of the entire statutory provisions at issue: it is the last generally recognized address for the mortgagor relating to the real estate that is subject to the pertinent mortgage. *See* §§ 34-11-22, 34-27-4(b).

The undisputed record evidence demonstrates that the last generally recognized address for Ms. Montaquila, the mortgagor relating to the real estate that is subject to the mortgage and partial claim mortgage, was 33 Zella Street, the address of the property. The municipal lien certificate for the property listed Ms. Montaquila as an assessed owner of the property on April 10, 2019. Flagstar mailed

notice of intent to foreclose, dated April 29, 2019, to Ms. Montaquila at that address via certified mail and thereby complied with § 34-11-22. Furthermore, the undisputed evidence demonstrates that Flagstar complied with § 34-27-4(b) as well. Flagstar mailed notice of intent to foreclose to Ms. Montaquila at the property. Importantly, the undisputed evidence also demonstrates that the address for Ms. Montaquila at the property is *not different* from her address listed with the tax assessor's office for the City of Providence because she is the assessed owner of the property as shown by the municipal lien certificate dated April 10, 2019. Additionally, although Ms. Montaquila submitted undisputed evidence to demonstrate that she was an assessed owner of 25 Enfield Avenue since 1996 and that she is a record owner of 25 Enfield Avenue, she did not present any evidence to demonstrate that she designated, by written notice to Flagstar, that she wished to receive communications regarding the property subject to the pertinent mortgage and partial claim mortgage at 25 Enfield Avenue. As such, Ms. Montaquila did not present evidence that she designated 25 Enfield Avenue as her last generally recognized address relating to the property that is subject to the pertinent mortgage and partial claim mortgage.

Ms. Montaquila does not and cannot dispute that the tax assessor's office for the City of Providence lists her as an assessed owner of the property, nor that the municipal tax lien certificate listed her as an assessed owner of the mortgaged

property less than twenty days before Flagstar mailed notice of intent to foreclose via certified mail. Rather, she emphasizes that it is undisputed that the tax assessor's office for the City of Providence *also* lists her as a record owner of her residential address at 25 Enfield Avenue, and that Flagstar had knowledge of that undisputed fact. However, Ms. Montaquila's ownership and occupancy of 25 Enfield Avenue are ultimately not material to the outcome of her declaratory-judgment action. *Lockridge*, 597 F.3d 469 n.3. After having an opportunity to develop evidence pertinent to the allegations in her second amended complaint, Ms. Montaquila has not presented any evidence to demonstrate a dispute regarding the fact that her last generally recognized address relating to the real estate that is subject to the mortgage and partial claim mortgage was 33 Zella Street.

Ms. Montaquila argues, in essence, that Flagstar had constructive knowledge of her residential address at 25 Enfield Avenue. In the context of the statutory notice provisions at issue, however, Ms. Montaquila's argument is untenable. Her reading of §§ 34-11-22 and 34-27-4(b) would require mortgagees to send notice of intent to foreclose to any address for which a mortgagor is an assessed owner in the relevant tax assessor's database, or any address of which a mortgagee has constructive knowledge in some form, either based on the parties' transactional history or otherwise. We will not construe statutes to reach an absurd result. *Newport and New Road, LLC*, 296 A.3d at 96. We reject the suggestion that the General Assembly

- 10 -

intended for §§ 34-11-22 and 34-27-4(b) to be read in the way that Ms. Montaquila urges us to construe them. *Id*.

We are satisfied that the undisputed record developed on remand establishes that Flagstar complied with the statutory notice requirements of §§ 34-11-22 and 34-27-4(b) and that Flagstar is entitled to judgment as a matter of law. Accordingly, we conclude that the trial justice did not err in granting summary judgment in favor of Flagstar.

**Conclusion**

Because we hold that there are no genuine issues of material fact as to Flagstar's compliance with the applicable statutes, and because Flagstar is therefore entitled to judgment as a matter of law, we affirm the judgment of the Superior Court and remand the record in this case.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Raymond Paul Montaquila, et al. v. Flagstar Bank, FSB. |
| **Case Number** | No. 2024-50-Appeal. (PC 20-3517) |
| **Date Opinion Filed** | February 4, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Joseph J. McBurney |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Todd Dion, Esq. <br><br> For Defendant: <br><br> Thomas W. Lyons, III, Esq. |