March 10, 2026

**Supreme Court**

No. 2024-263-Appeal.
(PC 15-5550)

Estate of Louis Campagnone, By and    :
through its Administrator, Dana
Martinelli

v.                    :

The State of Rhode Island.       :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Estate of Louis Campagnone, By and  :
    through its Administrator, Dana
          Martinelli

             v.             :

   The State of Rhode Island.     :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**  The plaintiff, the Estate of Louis Campagnone by and through its Administrator, Dana Martinelli (the Estate or plaintiff), appeals from an order and judgment of the Superior Court granting summary judgment in favor of the defendant, the State of Rhode Island (the state or defendant), in this negligence action involving a slip-and-fall accident in a bathroom at Scarborough South State Beach (Scarborough) in Narragansett, Rhode Island.[1]  This case came before the Supreme Court pursuant to an order directing the parties to appear and

---

[1] Mr. Campagnone filed the underlying complaint in this action.  After he died of unrelated causes in 2022, his daughter and court-appointed administrator, Dana Martinelli, became his successor in interest in this case.

show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Procedural History

The following facts are not in dispute. Scarborough is a public beach in Narragansett owned and operated by the state; the Department of Environmental Management (RIDEM) maintains the state's parks and beaches. On August 31, 2014, Louis Campagnone entered the bathroom at Scarborough after spending the day with his family. Mr. Campagnone, who was using a cane, fell when his cane slipped as he walked into the bathroom. He sustained injuries to the left side of his body, including his hip, face, elbow, knee, shoulder, and ankle. After calling for aid, his nephews helped him up and out of the bathroom. Beach personnel called EMS, which transported him to South County Hospital, where doctors diagnosed him with a fractured hip.

Mr. Campagnone filed his complaint on December 21, 2015, alleging that he slipped and fell due to an accumulation of sand and water on the floor of the bathroom. As a result, he posited that the state breached its duty to him by (1) negligently allowing the bathroom to remain in a dangerous condition, (2) failing to

warn him of this dangerous condition, and (3) failing to clean or maintain the bathroom to avoid such a condition. He alleged that he suffered injuries, medical expenses, loss of enjoyment of life, and lost earning capacity as a direct and proximate result of this breach of duty. He sought compensation for his injuries and expenses.

After three years of discovery, defendant moved for summary judgment, asserting immunity from liability under Rhode Island's Recreational Use Statute, G.L. 1956 chapter 6 of title 32 (RUS). The state argued that Mr. Campagnone did not demonstrate that RIDEM "willfully or maliciously failed to guard or warn against a known dangerous condition. In fact, the evidence demonstrates that RIDEM had no knowledge of any supposed 'dangerous condition' in the public restroom prior to plaintiff's alleged accident." The state also asserted immunity from liability under the public duty doctrine.

In support of this argument, the state cited the depositions conducted by plaintiff's counsel of Roger Monfette, a regional manager with RIDEM, and Brendan Quigley, who worked as a park ranger at Scarborough in 2014. These individuals denied having any knowledge about any past injuries in the bathrooms at Scarborough.

In response, Mr. Campagnone asserted that there remained issues of fact as to whether the state breached its duty, thus triggering the exception to the RUS, and

that the public duty doctrine was inapplicable. In support, he relied in part on a *Providence Journal* article that discussed the unclean conditions in the bathrooms of Rhode Island's state beaches and a 2018 RIDEM study on Rhode Island's state parks.

A justice of the Superior Court heard arguments on the motion for summary judgment on November 20, 2019, and reserved her ruling to allow Mr. Campagnone time to conduct further discovery. After a nearly three-year delay resulting largely from the COVID-19 pandemic, plaintiff filed an additional memorandum in support of his objection to the state's motion for summary judgment. The plaintiff attached to this memorandum a transcript of the deposition of Jennifer Ogren, an associate administrator within RIDEM; the beach operations manual for Rhode Island state parks; and emails from beach patrons from 2016 to 2020 lamenting the cleanliness of the bathrooms at Scarborough (none of which discussed injuries at the facilities). Ms. Ogren testified that she had no knowledge of any other incidents involving people slipping and falling in the bathrooms at Scarborough between 2014 and 2019. The trial justice heard arguments on the supplemental briefing in February 2023. She once again reserved her decision in order to review the materials further.

Mr. Campagnone died of unrelated causes in March of 2022; his attorneys moved to substitute his daughter and court-appointed administrator, Dana Martinelli, as his successor in interest on March 28, 2023. The plaintiff then filed an amended

complaint on April 18, 2023, which reflected the substitution of the Estate in place of Mr. Campagnone but is otherwise identical to the original complaint.

On November 21, 2023, the trial justice issued a bench decision granting the state's motion for summary judgment. The justice noted that this Court has not limited the application of the RUS to natural occurrences, but rather has interpreted the statute to afford "broad immunity to landowners who open their land to the public free of charge for recreational use." She observed that the evidence in this case does not involve any disputed issues of fact, so deciding this case on the state's motion for summary judgment was appropriate. The key question, she posited, related to defendant's duty of care, and whether the state had the requisite level of knowledge as to the alleged danger of sand and water on the bathroom floor so as to trigger the exception to the RUS. The trial justice concluded that plaintiff had failed to prove that the state had notice of a dangerous condition in the bathroom at Scarborough and thus was entitled to immunity under the RUS.

The trial justice emphasized that the focus of the RUS analysis is not on whether the landowner has theoretical knowledge about a dangerous condition, but rather "whether the defendant was put on notice of a specific dangerous condition and was required to take protective action as a result." She concluded that the Estate failed to prove that the state had notice of this dangerous condition. Viewed in the light most favorable to plaintiff, the evidence in this case could be proof of general

notice of a potentially hazardous condition; but, in her view, this was not enough to overcome the presumption of immunity under the RUS. The trial justice did not reach the issue of whether the public duty doctrine applied.

The Superior Court entered an order on July 2, 2024, granting the state's motion for summary judgment and dismissing plaintiff's complaint. Judgment in favor of the state was entered on the same day. The Estate then filed its notice of appeal on July 9, 2024.

**Standard of Review**

This Court reviews the grant of a motion for summary judgment *de novo*. *Newport and New Road, LLC v. Hazard*, 296 A.3d 92, 94 (R.I. 2023). In doing so, this Court utilizes "the same standards and rules used by the trial justice." *DeCurtis v. Visconti, Boren & Campbell Ltd.*, 252 A.3d 765, 770 (R.I. 2021) (brackets omitted) (quoting *Jessup & Conroy, P.C. v. Seguin*, 46 A.3d 835, 838 (R.I. 2012)). The question upon reviewing the grant of summary judgment is, in viewing the evidence in the light most favorable to the nonmoving party, whether "there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law * * *." *Commerce Park Realty, LLC v. HR2-A Corp.*, 253 A.3d 1258, 1266 (R.I. 2021) (quoting *Moore v. Rhode Island Board of Governors for Higher Education*, 18 A.3d 541, 544 (R.I. 2011)). If so, then this Court will affirm the judgment of the trial court. *Id.* The party opposing the motion for summary

judgment has "an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." *Id.* (quoting *Sauro v. Lombardi*, 178 A.3d 297, 303 (R.I. 2018)). They "cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *DeCurtis*, 252 A.3d at 770 (quoting *Credit Union Central Falls v. Groff*, 966 A.2d 1262, 1267 (R.I. 2009)).

**Analysis**

We consider whether genuine issues of material fact exist regarding whether the state's failure to warn Mr. Campagnone of a dangerous condition rose to the level of willfulness or maliciousness required to defeat the presumption of immunity under the RUS. After viewing the extensive evidentiary record in this case in the light most favorable to the Estate, we determine that no genuine issues of material fact exist to demonstrate that the state willfully or maliciously failed to warn Mr. Campagnone of a dangerous condition.

The RUS limits the liability of landowners who authorize persons to use the landowners' property for recreational purposes. *See* G.L. 1956 § 32-6-3. The RUS creates an exception, however, "[f]or the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril * * *." Section 32-6-5(a)(1). To define the terms "willful" and "malicious," this Court has turned to Black's Law Dictionary. *See Berman v. Sitrin*, 991 A.2d 1038, 1052 (R.I. 2010). "Willful" means "[v]oluntary and intentional," and

"malicious" means "[s]ubstantially certain to cause injury." *Id.* (quoting Black's Law Dictionary 1043, 1737 (9th ed. 2009)). Unless a landowner's conduct reaches such a disregard for safety, they are entitled to immunity under the RUS. *See* § 32-6-5.

Only once has this Court concluded that evidence of a governmental defendant's conduct might support a finding that there was a willful or malicious failure to warn of a dangerous condition such that the exception to immunity under § 32-6-5(a)(1) applies. That case, *Berman v. Sitrin*, involved a young man who plummeted almost thirty feet from Newport's Cliff Walk after the ground beneath his feet gave way. *Berman*, 991 A.2d at 1042. In so deciding, the Court noted the ample evidence of the Cliff Walk's "latent dangers, including the eroding cliff edge [and] the drainage defects," several past incidents of serious injury or death over several decades, and written documentation of numerous warnings from the president of Salve Regina University, the National Park Service, and the Army Corps of Engineers. *Id.* at 1049-50. The Court emphasized the city's "actual or constructive knowledge of the perilous circumstances" and its failure to rectify the conditions despite "having been afforded a reasonable amount of time to eliminate the dangerous condition" as key in its conclusion that the statutory exception was triggered. *Id.* at 1050.

Without a particular showing by a plaintiff that the government defendant has "discover[ed] the user's peril," this Court has refused to find that the exception to immunity should apply. Section 32-6-5(a)(1); *see, e.g., Carlson v. Town of South Kingstown*, 111 A.3d 819, 824-25 (R.I. 2015). Where the state or a municipality has not been put on notice of a dangerous condition because of previous reports of injuries, complaints about the dangerous condition, or actual knowledge of the specific dangerous condition, this Court has declined to find that the exception under § 32-6-5(a)(1) applies. *See Carlson*, 111 A.3d at 824-25; *see also Symonds v. City of Pawtucket*, 126 A.3d 421, 426 (R.I. 2015); *Cancel v. City of Providence*, 187 A.3d 347, 352 (R.I. 2018); *Yattaw v. City of East Providence*, 203 A.3d 1167, 1173 (R.I. 2019). Even where a plaintiff has demonstrated that the state was aware generally of a dangerous condition at a particular park, without specific evidence of a pattern of injury or specific complaints related to the condition, the exception to immunity will not apply. *See Roy v. State*, 139 A.3d 480, 489-90 (R.I. 2016) (exception not applicable where RIDEM was aware of the shallow water and dangers of diving at a particular pond, but where there was only one incident of a relatively minor injury several days before the plaintiff's injury).

Here, plaintiff has not presented any evidence to create a question of fact with regard to whether the state's conduct was willful or malicious. After almost eight years of discovery, the Estate cannot point to any evidence that the state had actual

knowledge of the dangerous condition in the Scarborough bathrooms, any complaints prior to the fall related to the bathroom floors being slippery, or any past injuries or accidents. The plaintiff directs us to RIDEM's bathroom cleaning policies and the lack of evidence that RIDEM had cleaned the men's bathroom on the day of the fall in order to argue that the state's conduct fell below the standard of care. But as a statutory shield that alters the traditional common law negligence rules, the RUS requires more than this to overcome the assumption of immunity. Without a showing of willful or malicious conduct, dismissal via summary judgment is appropriate.

Before this Court, the Estate continues to fault the state for poor or inconsistent record-keeping and suggests that that is why it found no direct evidence to support its claim. The job of this Court, however, is not to point fingers or deduce potential obfuscation from an absence of fact. Rather, the plaintiff's duty is to present competent evidence establishing a question of fact. *See, e.g.*, *Sullo v. Greenberg*, 68 A.3d 404, 407 (R.I. 2013) ("[T]o avoid summary judgment the burden is on the nonmoving party to produce competent evidence that 'proves the existence of a disputed issue of material fact.'" (brackets omitted) (quoting *Mutual Development Corp. v. Ward Fisher & Co.*, 47 A.3d 319, 323 (R.I. 2012))). We, like the trial justice, conclude that the plaintiff has not presented evidence to meet this

burden.  Therefore, we affirm the trial justice's grant of the state's motion for summary judgment.[2]

## Conclusion

Because we hold that the plaintiff has not demonstrated that any genuine issues of material fact exist with regard to whether the state willfully or maliciously failed to warn Mr. Campagnone of a dangerous condition, the state is entitled to immunity under the RUS.  We therefore affirm the Superior Court's judgment and remand the record in this case.

---

[2] Although the law is clear in dictating the results in this case, the troubling consequences of the RUS again prompt us to invite the legislature to reconsider it as it relates to public land onto which the public is invited.  *See, e.g.*, *Carlson v. Town of South Kingstown*, 111 A.3d 819, 826 (R.I. 2015) ("A different result is only possible by revisiting the statute, a task, as we have said in the past, that is not for this Court, but for the General Assembly.").  As it stands, the RUS gives government defendants complete immunity in an entire category of negligence cases, leading to their dismissal at the summary-judgment stage.  This contravenes our traditional conceptions of the role of the jury as factfinder and minimizes the state's incentives to be a responsible landowner.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903



**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Estate of Louis Campagnone, By and through its Administrator, Dana Martinelli v. The State of Rhode Island. |
| **Case Number** | No. 2024-263-Appeal. (PC 15-5550) |
| **Date Opinion Filed** | March 10, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan |
| **Attorney(s) on Appeal** | For Plaintiff: Jessica L. Basso, Esq. |
| | For Defendant: Shannon L. Haibon, Esq. Department of Attorney General |