**Supreme Court**
No. 2025-98-Appeal.

Arturo P. Batac          :

v.                :

Wells Fargo Home Mortgage et al.    :

# O R D E R

The plaintiff, Arturo P. Batac (plaintiff or Mr. Batac), appeals *pro se* from a judgment of the Superior Court in favor of the defendants, Wells Fargo Bank, N.A.[1] (Wells Fargo) and Rushmore Loan Management Services LLC[2] (Rushmore) (together, defendants). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing or argument. For the reasons set forth in this order, we affirm the judgment of the Superior Court.

---

[1] Mr. Batac improperly named Wells Fargo Bank, N.A. as "Wells Fargo Home Mortgage" in his complaint and filings before this Court.

[2] In June 2023, Nationstar Mortgage LLC acquired the assets of Rushmore and became the successor by merger in this suit. For the sake of simplicity and because the parties and trial justice refer to the entity as Rushmore, we do the same.

At the center of this dispute is the mortgage Mr. Batac took out on his home at 86 Cliffside Drive in Cranston in August 2004. Wells Fargo serviced the mortgage until March 2020, when it transferred servicing to Rushmore.

The issues with Mr. Batac's account began in July 2017 when, instead of the monthly mortgage payment, Wells Fargo received only a check for $10 and a payment coupon for $1,466.05 from him. Wells Fargo alerted Mr. Batac that it credited the $10 check and placed the money in an unapplied funds account because the company does not accept partial payments. When Mr. Batac made his August mortgage payment, Wells Fargo applied it to his July balance, which still had not been paid. Rather than submit payment for the unpaid balance, Mr. Batac filed a complaint with the Consumer Financial Protection Bureau (CFPB). Wells Fargo sent a letter to Mr. Batac in September 2017 documenting its efforts to locate the missing payment and its discussions with him attempting to resolve the issue.

The next payment problem occurred in March 2018, when Mr. Batac sent a check for the full amount of his monthly payment, but Wells Fargo returned it, citing insufficient funds. Mr. Batac then filed another complaint with the CFPB asserting that he paid the March amount. Wells Fargo maintained in subsequent communications that they were unable to withdraw the payment from his bank account due to insufficient funds despite having made multiple attempts to do so. Wells Fargo summarized the outstanding issues with his account in a letter to Mr.

Batac in March 2019; the letter noted that his account "has been consistently past due since July 2017" and "became further past due in March 2018" due to the two missed payments. The letter also explained his options for how to rectify the delinquency on his account. In February 2020, Wells Fargo sent a letter to Mr. Batac informing him that it was transferring the servicing of his mortgage to Rushmore.

Mr. Batac filed this complaint in April 2023 alleging that Wells Fargo "mess[ed] up [his] home loan mortgage" beginning in 2017 and that Wells Fargo and Rushmore both engaged in "unfair or deceptive" business practices and violated the Real Estate Settlement Procedures Act and the Truth in Lending Act. After over a year of discovery, Wells Fargo filed the instant motion for summary judgment on September 11, 2024, alleging that there were no genuine issues of material fact with respect to whether Wells Fargo had correctly applied Mr. Batac's mortgage payments to his loan balance and that it was entitled to judgment as a matter of law on Mr. Batac's claims. Rushmore moved to join Wells Fargo's motion for summary judgment shortly thereafter. Mr. Batac then filed an objection, disputing that this case is only about the July 2017 and March 2018 payments and alleging a number of "unresolved material fact[s]."

Arguments on the motion were heard by a justice of the Superior Court on January 8, 2025. The trial justice subsequently issued an order granting the motion for summary judgment. Mr. Batac filed a premature but timely appeal. *See Murray*

*v. Jones*, 250 A.3d 562, 564 n.2 (R.I. 2021). Judgment entered in favor of defendants on April 9, 2025.

On appeal, Mr. Batac alleges that the Superior Court "did not address the plaintiff's Complaint * * * including the plaintiff's opposition to defendants' motion for summary judgment along with all the exhibits attach[ed]." Mr. Batac further disputes the trial justice's finding that there are no genuine issues of material fact.

This Court reviews the grant of a motion for summary judgment *de novo*. *Newport and New Road, LLC v. Hazard*, 296 A.3d 92, 94 (R.I. 2023). The question upon reviewing the grant of summary judgment is, in viewing the evidence in the light most favorable to the nonmoving party, whether "there are no genuine issues of material fact [such] that the moving party is entitled to judgment as a matter of law * * *." *Commerce Park Realty, LLC v. HR2-A Corp.*, 253 A.3d 1258, 1266 (R.I. 2021) (quoting *Moore v. Rhode Island Board of Governors for Higher Education*, 18 A.3d 541, 544 (R.I. 2011)). If so, then this Court will affirm the judgment of the trial court. *Id.* "To forestall summary judgment, the nonmoving party 'bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions.'" *Montaquila v. Flagstar Bank, FSB*, 329 A.3d 490, 493 (R.I. 2025) (quoting *Bank of New York Mellon v. Gosset*, 307 A.3d 861, 865 (R.I. 2024)). "A fact is 'material' for purposes of summary judgment if it 'might

- 4 -

affect the outcome of the suit under the governing law.'" *Id.* at 493-94 (quoting *Lockridge v. The University of Maine System*, 597 F.3d 464, 469 n.3 (1st Cir. 2010)).

On appeal, Mr. Batac maintains that there are genuine issues of material fact that should have precluded the trial justice from granting Wells Fargo's motion. However, Mr. Batac has not produced any competent evidence to establish that Wells Fargo "mess[ed] up [his] home loan mortgage account * * *." Although Mr. Batac attached a number of documents to his objection to the motion for summary judgment, none of them successfully refute Wells Fargo's contention that it never received payment for the July 2017 or March 2018 balances. The documents included: his initial complaint; an account statement from February 7 to March 6, 2018, purporting to show that his March payment had gone through; a check register from 2017; a number of requests for production and responses to defendants' discovery requests; correspondences with the CFPB between 2022 and 2023; and his motion to enter judgment by default. The only relevant document provided was his account statement purporting to show that his March 2018 payment was accepted, but Wells Fargo provided documents which establish that the $1,476.83 amount which appeared to be debited from Mr. Batac's account was never successfully removed.

Mr. Batac's assertion that there remain "unresolved material fact[s]" is therefore a legal conclusion unsupported by any competent evidence that cannot

forestall summary judgment. *See DeCurtis v. Visconti, Boren & Campbell Ltd.*, 252 A.3d 765, 770 (R.I. 2021). Without anything to refute Wells Fargo's evidence that Mr. Batac did not make his monthly mortgage payments, Mr. Batac's argument fails. Wells Fargo was therefore entitled to summary judgment. Accordingly, we affirm the decision of the Superior Court granting Wells Fargo's motion for summary judgment, which disposed of all of Mr. Batac's claims against the defendants.

Entered as an Order of this Court this __18th__ day of May, 2026.

By Order,

*/s/ Meredith A. Benoit*

Clerk

Justice Goldberg did not participate.



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Arturo P. Batac v. Wells Fargo Home Mortgage et al. | |
| **Case Number** | No. 2025-98-Appeal.<br>(PC 23-1885) | |
| **Date Order Filed** | May 18, 2026 | |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Christopher K. Smith | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Arturo P Batac, *pro se* | |
| | For Defendants:<br><br>Rowdy M. Cloud, Esq.<br>Keith J. McCarthy, Esq. | |